UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

| | |
|---|---|
| MITSUBISHI INTERNATIONAL CORPORATION, | 08 Civ. 00194 (JSR)(GWG) |
| Plaintiff, | |
| -against- | **ANSWER** |
| INTERSTATE CHEMICAL CORPORATION, | |
| Defendant. | |

-------------------------------------------------

Defendant Interstate Chemical Corporation ("Interstate"), by its attorneys, Simon Lesser PC, hereby answers and responds to the complaint filed by plaintiff Mitsubishi Chemical Corporation ("MIC") in this matter.

These responses are made without waiving, but expressly reserving, all rights that Interstate has to file appropriate motions addressed to some or all of the claims asserted therein.

"First Claim"

1. The allegations in Paragraph 1 assert legal conclusions to which no response is required. To the extent a response is required, Interstate admits that it is a citizen of Pennsylvania and that based upon the assertions in the complaint, the amount in controversy exceeds $75,000.

2. The allegations in Paragraph 2 assert legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

3. Interstate lacks information sufficient to respond to the allegations contained in Paragraph 3.

4. In response to Paragraph 4, Interstate admits that it is a Pennsylvania based corporation engaged in chemical manufacturing and distribution.

5. In response to Paragraph 5, Interstate admits that on December 4, 2007, the parties had a phone conversation regarding the possibility of MIC selling a barge of methanol to Interstate on December 20, 2007 or later. The allegations are otherwise denied.

6. In response to Paragraph 6, Interstate refers to the documents referenced which speak for themselves. The allegations are otherwise denied.

7. In response to Paragraph 7, Interstate refers to the documents referenced which speak for themselves. The allegations are otherwise denied.

8. In response to Paragraph 8, Interstate refers to the documents referenced which speak for themselves. The allegations are otherwise denied.

9. Interstate denies the allegations contained in Paragraph 9.

10. Interstate denies the allegations contained in Paragraph 10, and otherwise refers to the documents referenced which speak for themselves.

11. In response to Paragraph 11, Interstate refers to the documents referenced which speak for themselves. The allegations are otherwise denied.

12. In response to Paragraph 12, Interstate refers to the documents referenced which speak for themselves. The allegations are otherwise denied.

13. In response to Paragraph 13, Interstate refers to the documents referenced which speak for themselves. The allegations are otherwise denied.

14. In response to Paragraph 14, Interstate refers to the documents referenced which speak for themselves. The allegations are otherwise denied.

15. In response to Paragraph 15, Interstate refers to the documents referenced which speak for themselves. The allegations are otherwise denied.

16. Interstate denies the allegations contained in Paragraph 16.

17. Upon information and belief, Interstate denies the allegations contained in Paragraph 17.

18. Interstate denies the allegations contained in Paragraph 18.

19. Interstate denies the allegations contained in Paragraph 19.

20. Interstate lacks information sufficient to respond to the allegations contained in Paragraph 20.

21. Interstate denies the allegations contained in Paragraph 21.

22. Upon information and belief, Interstate denies the allegations contained in Paragraph 22.

23. Interstate denies the allegations contained in Paragraph 23.

"Second Claim"

24. Interstate incorporates by reference its responses above as its response to Paragraph 24.

25. Interstate denies the allegations contained in Paragraph 25.

26. Interstate denies the allegations contained in Paragraph 26.

27. Interstate denies the allegations contained in Paragraph 27.

28. Interstate denies the allegations contained in Paragraph 28.

29. Interstate denies the allegations contained in Paragraph 29.

**FIRST AFFIRMATIVE DEFENSE**

30. The Complaint fails to state a claim for breach of contract upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

31. The Complaint fails to state a claim for promissory estoppel upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

32. Venue is not appropriate in this Court.

## FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred in whole or part by the statute of frauds.

## FIFTH AFFIRMATIVE DEFENSE

34. Plaintiff suffered no damages by reason of defendant's alleged conduct.

## SIXTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred because the relief requested relief would result in unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

36. Plaintiff failed to reasonably mitigate any alleged damages.

## EIGTH AFFIRMATIVE DEFENSE

37. Defendant's performance under the alleged contract was excused due to a *force majeure*.

## NINTH AFFIRMATIVE DEFENSE

38. Defendant's performance under the alleged contract was excused due to impossibility.

## TENTH AFFIRMATIVE DEFENSE

39. Defendant hereby gives notice that it intends to rely upon all other defenses that may become apparent during the course of this action.

WHEREFORE, defendant Interstate Chemical Corporation requests a judgment against plaintiff Mitsubishi International Corporation:

(a) Dismissing this action with prejudice; and

(b) Awarding such other and further relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, defendant Interstate Chemical Corporation hereby demands a trial by jury of any issue triable of right by a jury.

Dated: New York, New York
       February 28, 2008

SIMON▪LESSER PC

By: _____
Leonard F. Lesser, Esq.
420 Lexington Avenue
New York, New York 10170
T:212.599.5455
F:212.599.5459
llesser@simonlesser.com

Attorneys for defendant Interstate Chemical Corporation

5