Daniel J. Kornstein (DK - 3264)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MITSUBISHI INTERNATIONAL                 :
CORPORATION,                                        08 CV 00194(JSR)(GWG)
                                         :
           Plaintiff,                          **REPLY AFFIDAVIT**
                                         :
             -against-
                                         :   ECF Case
INTERSTATE CHEMICAL CORPORATION,
                                         :
           Defendant.
----------------------------------X


STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NEW YORK   )


        DANIEL J. KORNSTEIN, being duly sworn, deposes and says:

        1.  I am a member of Kornstein Veisz Wexler & Pollard, LLP,

attorneys for plaintiff Mitsubishi International Corporation

("MIC").  I have personal knowledge of the facts set forth in

this reply affidavit, which I make in further support of

plaintiff's motion for summary judgment.

2.  Annexed as Exhibit 5 hereto is a copy of Plaintiff's Responses and Objections to Defendant's First Set of Document Requests.

_____
DANIEL J. KORNSTEIN

Sworn to this 18th day of April, 2008

_____
Notary Public

AMY C. GROSS
Notary Public, State of New York
No. 02GR6133341
Qualified in New York County
Commission Expires Sept. 12, 20__ 09

2

# Exhibit 5

Daniel J. Kornstein (DK - 3264)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MITSUBISHI INTERNATIONAL                :
CORPORATION,                                          08 CV 00194(JSR)(GWG)
                                        :
          Plaintiff,                                 **PLAINTIFF'S RESPONSES**
                                        :            **AND OBJECTIONS TO**
          -against-                                  **DEFENDANT'S FIRST SET**
                                        :            **OF DOCUMENT REQUESTS**

INTERSTATE CHEMICAL CORPORATION,
                                        :            ECF Case
          Defendant.
----------------------------------X

     Plaintiff Mitsubishi International Corporation ("MIC"), for

its responses and objections to Defendant's First Set of Document

Requests (the "Requests"), states:

### GENERAL OBJECTIONS

    1.  Plaintiff objects to defendant's Requests to the extent

they seek disclosure of documents or communications protected by

the attorney-client privilege, the work product doctrine, or

other applicable privilege.  Inadvertent production of any

privileged document otherwise immune from discovery shall not be

deemed a waiver of any applicable privilege or work product

doctrine.

    2.  Plaintiff objects to defendant's Requests to the extent

that they seek documents that are not material and necessary to

the prosecution or defense of this action.

3. Plaintiff objects to defendant's Requests to the extent they are vague, overbroad, onerous and unduly burdensome.

4. Plaintiff objects to defendant's Requests to the extent that they seek to impose any obligations greater than or different from those permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

5. Plaintiff objects to defendant's Requests to the extent that they seek documents that pre- or post-date the time period relevant to this action.

6. Plaintiff objects to defendant's Requests to the extent they seek documents already in defendant's possession or at least as likely to be in the possession of defendant as of plaintiff.

7. Plaintiff objects to defendant's Requests to the extent that they require plaintiff to obtain documents from, or with respect to, any entity or person other than plaintiff or any persons not currently in plaintiff's employ and/or over whom plaintiff does not have control.

8. Plaintiff objects to defendant's Requests to the extent they seek documents available from public sources.

9. Plaintiff's document production and these responses are not an admission that any of the responses or documents produced are relevant or admissible in evidence.

2

10. Plaintiff reserves the right to supplement its responses.

11. Plaintiff's General Objections to the Requests are incorporated by reference in plaintiff's response and objection to each of the individual Requests.

## SPECIFIC RESPONSES

Request No. 1:

All documents concerning the "agreement" as alleged in the Complaint.

Response to Request No. 1:

Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client and/or work product privileges. Plaintiff also objects to this request on the ground that it calls for documents that are within defendant's possession. Subject to and without waiving its General and Specific Objections and subject to an appropriate stipulation and order of confidentiality, plaintiff will produce responsive documents, if any, at a time and place to be mutually agreed upon by counsel for the parties.

3

Request No. 2:

All documents concerning any and all communications concerning the "agreement" as alleged in the Complaint.

Response to Request No. 2:

Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client and/or work product privileges.  Plaintiff also objects to this request on the ground that it calls for documents that are within defendant's possession.  Subject to and without waiving its General and Specific Objections and subject to an appropriate stipulation and order of confidentiality, plaintiff will produce responsive documents, if any, at a time and place to be mutually agreed upon by counsel for the parties.

Request No. 3:

All written communications between Mitsubishi and Interstate.

Response to Request No. 3:

Plaintiff objects to this Request on the grounds that: (1) it is vague, overbroad, onerous, and unduly burdensome; (2) it seeks documents and information that are not material and necessary in the prosecution and defense of this action and are not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents from outside the time frame relevant to this dispute; and (3) it calls for documents that are within defendant's possession.  To the extent plaintiff has

4

documents responsive to this Request and relevant to this action, they will be produced pursuant to the objections set forth in response to Requests Nos. 1 and 2.

Request No. 4:

All documents concerning any and communications between Mitsubishi and Interstate

Response to Request No. 4:

Plaintiff objects to this request to the extent that it calls for documents subject to the attorney-client and/or work product privileges.  Plaintiff also objects to this Request on the grounds that: (1) it is vague, overbroad, onerous, and unduly burdensome; (2) it seeks documents and information that are not material and necessary in the prosecution and defense of this action and are not reasonably calculated to lead to the discovery of admissible evidence; and (3) it calls for documents that are within defendant's possession.  To the extent plaintiff has documents responsive to this Request and relevant to this action, they will be produced pursuant to the objections set forth in response to Requests Nos. 1 and 2.

5

Request No. 5:

All documents concerning any and all transactions between
Mitsubishi and Interstate prior to December 4, 2007.

Response to Request No. 5:

Plaintiff objects to this Request on the grounds that: (1)

it is vague, overbroad, onerous, and unduly burdensome; (2) it

seeks documents and information that are not material and

necessary in the prosecution and defense of this action and are

not reasonably calculated to lead to the discovery of admissible

evidence; and (3) it calls for documents that are within

defendant's possession.  To the extent plaintiff has documents

responsive to this Request and relevant to this action, they will

be produced pursuant to the objections set forth in response to

Requests Nos. 1 and 2.


Request No. 6:

All documents concerning the allegation in ¶ 20 of the
Complaint that "MIC was willing and able to deliver the methanol
to Interstate. . . ."

Response to Request No. 6:

Plaintiff objects to this Request to the extent that it

calls for documents subject to the attorney-client and/or work

product privileges.  Subject to and without waiving its General

and Specific Objections and subject to an appropriate stipulation

and order of confidentiality, plaintiff will produce responsive

6

documents, if any, at a time and place to be mutually agreed upon
by counsel for the parties.

Request No. 7:

All documents evidencing the "prompt efforts to mitigate" as
alleged in ¶ 21 of the Complaint.

Response to Request No. 7:

Plaintiff objects to this Request to the extent that it
calls for documents subject to the attorney-client and/or work
product privileges. Subject to and without waiving its General
and Specific Objections and subject to an appropriate stipulation
and order of confidentiality, plaintiff will produce responsive
documents, if any, at a time and place to be mutually agreed upon
by counsel for the parties.

Request No. 8:

All written communications between Mitsubishi and Tauber
Petrochemical Company since January 1, 2006.

Response to Request No. 8:

Plaintiff objects to this Request on the grounds that: (1)
it is vague, overbroad, onerous, and unduly burdensome; (2) it
seeks documents and information that are not material and
necessary in the prosecution and defense of this action and are
not reasonably calculated to lead to the discovery of admissible
evidence; and (3) it seeks documents that are within the
possession of third parties. Subject to and without waiving its

7

General and Specific Objections and subject to an appropriate
stipulation and order of confidentiality, plaintiff will produce
responsive documents limited to those relating to plaintiff's
sale of methanol to Tauber Petrochemical Company in December
2007, if any, at a time and place to be mutually agreed upon by
counsel for the parties.

Request No. 9:

    All documents concerning any and communications between
Mitsubishi and Tauber Petrochemical Company since January 1,
2006.

Response to Request No. 9:

    Plaintiff objects to this request to the extent that it
calls for documents subject to the attorney-client and/or work
product privileges.  Plaintiff also objects to this Request on
the grounds that: (1) it is vague, overbroad, onerous, and unduly
burdensome; (2) it seeks documents and information that are not
material and necessary in the prosecution and defense of this
action and are not reasonably calculated to lead to the discovery
of admissible evidence; and (3) it seeks documents that are
within the possession of third parties.  Subject to and without
waiving its General and Specific Objections and subject to an
appropriate stipulation and order of confidentiality, plaintiff
will produce responsive documents limited to those relating to
plaintiff's sale of methanol to Tauber Petrochemical Company in

December 2007, if any, at a time and place to be mutually agreed
upon by counsel for the parties.

Request No. 10:

All documents concerning any and all transactions between
Mitsubishi and Tauber Petrochemical Company since January 1,
2006.

Response to Request No. 10:

Plaintiff objects to this request to the extent that it
calls for documents subject to the attorney-client and/or work
product privileges. Plaintiff also objects to this Request on
the grounds that: (1) it is vague, overbroad, onerous, and unduly
burdensome; (2) it seeks documents and information that are not
material and necessary in the prosecution and defense of this
action and are not reasonably calculated to lead to the discovery
of admissible evidence; and (3) it seeks documents that are
within the possession of third parties. Subject to and without
waiving its General and Specific Objections and subject to an
appropriate stipulation and order of confidentiality, plaintiff
will produce responsive documents limited to those relating to
plaintiff's sale of methanol to Tauber Petrochemical Company in
December 2007, if any, at a time and place to be mutually agreed
upon by counsel for the parties.

Request No. 11:

All documents concerning the price Mitsubishi paid for the Methanol it allegedly sold at $2.05 per gallon as alleged ¶ 27 of the Complaint.

Response to Request No. 11:

Plaintiff objects to this request to the extent that it calls for documents subject to the attorney-client and/or work product privileges. Plaintiff also objects to this Request on the grounds that: (1) it is vague, overbroad, onerous, and unduly burdensome; (2) it seeks documents and information that are not material and necessary in the prosecution and defense of this action and are not reasonably calculated to lead to the discovery of admissible evidence; and (3) it seeks documents that are within the possession of third parties.

Request No. 12:

All documents concerning the allegation in ¶ 26 of the Complaint that "in reliance upon Interstate's promise, MIC reserved the barge of methanol in its inventory," including but not limited to any and all documents evidencing such "reservation."

Response to Request No. 12:

Plaintiff objects to this request to the extent that it calls for documents subject to the attorney-client and/or work product privileges. Subject to and without waiving its General and Specific Objections and subject to an appropriate stipulation and order of confidentiality, plaintiff will produce responsive

10

documents, if any, at a time and place to be mutually agreed upon
by counsel for the parties.

Request No. 13:

All documents, to the extent not produced in response to the
foregoing Requests, that Mitsubishi will rely upon to support its
claims or to rebut Interstate's Affirmative Defenses.

Response to Request No. 13:

Plaintiff objects to this catch-all Request to the extent

that it calls for documents subject to the attorney-client and/or

work product privileges.  Plaintiff also objects to this catch-

all Request on the grounds that: (1) it is vague and indefinite;

(2) it seeks documents that are within the defendant's possession

and/or the possession of third parties; and (3) it is premature.

Dated:    New York, New York
          April 18, 2008

                        KORNSTEIN VEISZ WEXLER & POLLARD, LLP

                        By:    Daniel J. Kornstein (DK - 3264)

                        757 Third Avenue
                        New York, New York 10017
                        (212) 418-8600

                        Attorneys for Plaintiff

TO:    Leonard F. Lesser
       SIMON LESSER PC
       420 Lexington Avenue
       New York, New York 10170
       (212) 599-5455
       Attorneys for Defendant

                              11