Daniel J. Kornstein (DK - 3264)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MITSUBISHI INTERNATIONAL            :
CORPORATION,                           08 CV 00194(JSR)(GWG)
                                    :
         Plaintiff,                    **PLAINTIFF'S LOCAL CIVIL**
                                    :  **RULE 56.1(a) STATEMENT**
         -against-
                                    :  ECF Case
INTERSTATE CHEMICAL CORPORATION,
                                    :
         Defendant.
------------------------------------X

    Plaintiff Mitsubishi International Corporation ("MIC"), by and through its undersigned counsel, submits, pursuant to Local Civil Rule 56.1(a), the following statement of material facts as to which there is no genuine issue to be tried:[1]

The Parties and Jurisdiction

    1. MIC engages in the business of international trade of products -- including methanol -- and services across a range of industry sectors. Kornstein Aff., Ex. A (Complaint) ¶ 3.[2]

---

[1] MIC incorporates by reference Plaintiff's Local Civil Rule 56.1(a) Statement dated March 26, 2008 and submitted in support of its pre-discovery motion for summary judgment, which is annexed as Exhibit E to the accompanying Affidavit of Daniel J. Kornstein, sworn to on August 13, 2008 ("Kornstein Aff.") and submitted herewith.

[2] Unless otherwise specified, cites to "Ex." are to the exhibits annexed to the Kornstein Aff.

3250001XXXACG.00007.wpd

2. Defendant Interstate Chemical Corporation ("Interstate") both manufactures and distributes chemical products. Ex. B (Answer) ¶ 4.

3. MIC is a New York corporation with its principal place of business at 655 Third Avenue, New York, New York 10017. Ex. A (Complaint) ¶ 3.

4. Interstate is a Pennsylvania-based corporation. Ex. B (Answer) ¶ 4.

5. Interstate did not dispute jurisdiction when it opposed MIC's initial summary judgment motion. Ex. G (Interstate's brief in opposition to initial summary judgment motion).

The Agreement

6. On December 4, 2007, Zack Ferguson-Steger, marketing manager of MIC, spoke by telephone with Lori Cirillo, Director of Chemical Procurement at Interstate, regarding the possibility of MIC selling a barge of methanol to Interstate. Ex. D (Ferguson-Steger Aff.) ¶ 4; Ex. A (Complaint) ¶ 5; Ex. B (Answer) ¶ 5.

7. In that telephone call, Cirillo and Ferguson-Steger orally agreed that MIC would sell one barge (420,000 gallons, or 10 mb) of methanol to Interstate at a price of $2.55 per gallon. Ex. D (Ferguson-Steger Aff.) ¶ 4; Ex. A to Ex. A (Complaint).

8. Later that same day, Cirillo emailed Ferguson-Steger, confirming, "We would like to purchase your Methanol barge.

2

Please give me a call." Ex. D (Ferguson-Steger Aff.) ¶ 5; Ex. A (Complaint) ¶ 6 and Ex. A; Ex. B (Answer) ¶ 6.

9. Less than an hour later, Ferguson-Steger responded to Cirillo via email, stating: "We confirm 10 mb @ $2.55/gal loading Dec. 20 or later. If we can ship earlier, we'll inform you. I'll send over a spot contract a little later." Ex. D (Ferguson-Steger Aff.) ¶ 6; Ex. A (Complaint) ¶ 7 and Ex. A; Ex. B (Answer) ¶ 7.

10. The next day, December 5, 2007, Ferguson-Steger sent an email to Cirillo, attaching a form contract and stating: "Please see the attached contract for the 10mb barge agreed to yesterday." Ex. D (Ferguson-Steger Aff.) ¶ 7; Ex. A (Complaint) ¶ 8 and Ex. B; Ex. B (Answer) ¶ 8.

11. MIC did not receive an objection from Interstate within the next ten days. Ex. D (Ferguson-Steger Aff.) ¶ 10.

12. This Court found, in its opinion denying MIC's initial summary judgment motion, that "a contract exists that governs the transaction." Ex. M (summary judgment opinion) at 9, n.2.

13. The various factual bases supporting the existence of a contract can be found in MIC's initial moving papers, including the original Plaintiff's Local Civil Rule 56.1(a) Statement dated March 26, 2008, submitted herewith and incorporated by reference. Ex. E (MIC's original Rule 56.1(a) Statement).

3

<u>MIC's Pre-Discovery Summary Judgment Motion</u>

14. On March 26, 2008, with this Court's permission, MIC filed a pre-discovery motion for summary judgment. Exs. C, D, E, F (original MIC Notice of Motion, Ferguson-Steger Aff., original MIC Rule 56.1(a) Statement, original MIC summary judgment brief).

15. In its moving papers, MIC argued, <u>inter alia</u>, that a valid contract for the sale of methanol existed between MIC and Interstate, that Interstate had breached that agreement, and that MIC had reasonably mitigated its damages. Ex. F (original MIC summary judgment brief) at 9-14, 21-22.

16. MIC argued, in response to Interstate's affirmative defense based upon <u>force majeure</u>, that the contract contained no <u>force majeure</u> clause operable under New York law. Ex. F (original MIC summary judgment brief) at 20-21.

17. In response, Interstate argued not that the parties' agreement contained a <u>force majeure</u> clause, but that in the chemical sales industry, "'either the buyer or seller to a bulk chemical procurement transaction [may] cancel before delivery based on any cause beyond their reasonable control.'" Ex. M (summary judgment opinion) at 5-6 (quoting Ex. G (Interstate's opposition to initial summary judgment motion) at 16).

18. In support of this argument, Interstate offered several affidavits from industry participants, including two from

4

Interstate personnel. Exs. H, I, J, K (Cirillo, Puntureri, Swinderman, and Jukiewicz Affs.).

19. By Order dated May 6, 2008, for the reasons set forth in a Memorandum dated May 18, 2008, this Court denied MIC's motion. This Court found, in relevant part, that:

> The affidavits submitted by Interstate do raise a number of questions for the Court. For example, as MIC noted at oral argument, one could not read into contracts the more extreme view espoused in certain portions of the affidavits – that contracts permissibly could be canceled for "no reason at all" – without doing violence to the basic principles of contract law. Moreover, the Court perceives a distinct possibility, raised by one affiant, that cancellations are tolerated not out of industry practice regarding the treatment of contracts, but rather to "maintain good customer relations," Swinderman Aff. ¶¶ 6-9. Finally, the Court is not clear whether Interstate is claiming that usage of trade excuses nonperformance even for reasons that, although beyond the non-performer's control, could have been known to that party at the time it agreed to the contract, as MIC suggests is the case here. Nonetheless, what amounts to "usage of trade" is an issue of fact, see N.Y. U.C.C. § 1-205(2), and while it may yet prove to be the case that the usage of trade applicable here, if any, is not as broad as Interstate contends, it may still be broad enough to preclude summary judgment.

Ex. M (summary judgment opinion) at 8.

<u>Discovery</u>

20.  Summary judgment having been denied, the parties proceeded to discovery, based on the Court's Case Management Plan of March 12, 2008.  <u>Kornstein Aff.</u> ¶ 16.

21.  Under that schedule, expert disclosure was due on June 16, 2008, and the cutoff for fact discovery was set for July 14, 2008.  Ex. N (Case Management Plan).

22.  By agreement of the parties, and with the Court's permission, the cutoff for fact discovery was later adjourned to July 28, 2008, and then further adjourned to August 12, 2008.  <u>Kornstein Aff.</u> ¶ 18.

23.  Defendant offered no expert discovery of any kind, either before or after the June 16, 2008 expert discovery cutoff.  <u>Kornstein Aff.</u> ¶ 19.

24.  Although the parties communicated regarding depositions and other discovery issues, defendant never requested additional time to offer expert discovery, and never indicated to plaintiff's counsel that any expert discovery would be forthcoming.  <u>Kornstein Aff.</u> ¶ 20.

25. Discovery closed in this case on August 12, 2008. <u>Kornstein Aff.</u> ¶ 21.

Dated:   New York, New York
         August 14, 2008

                              KORNSTEIN VEISZ WEXLER & POLLARD, LLP

                              _____
                              By:  Daniel J. Kornstein (DK - 3264)

                              757 Third Avenue
                              New York, New York 10017
                              (212) 418-8600

                              Attorneys for Plaintiff