Daniel J. Kornstein (DK - 3264)
Amy C. Gross (AG - 8836)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MITSUBISHI INTERNATIONAL CORPORATION, Plaintiff, -against- INTERSTATE CHEMICAL CORPORATION, Defendant. | 08 CV 00194(JSR)(GWG) ECF Case |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

Attorneys for Plaintiff Mitsubishi International Corporation

**TABLE OF CONTENTS**

Page(s)

Why Summary Judgment Is Proper . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . 3

The Parties . . . . . . . . . . . . . . . . . . . . . . 3

The Agreement . . . . . . . . . . . . . . . . . . . . . 4

MIC's Pre-Discovery Summary Judgment Motion . . . . . . . . 5

No Expert Disclosure . . . . . . . . . . . . . . . . . . . 7

SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 9

I THIS COURT HAS ALREADY FOUND A METHANOL SALES AGREEMENT EXISTS BETWEEN INTERSTATE AND MIC . . . . . . . . . . . . . . . . . . . . . . 9

II INTERSTATE HAS OFFERED NO EVIDENCE TO SUPPORT ITS INDUSTRY CUSTOM AND USAGE ARGUMENT, INCLUDING VITAL EXPERT EVIDENCE . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 15

**TABLE OF AUTHORITIES**

**Cases**

British Int'l Ins. Co. Ltd. v. Seguros La Republica, S.A., 342 F.3d 78 (2d Cir. 2003) . . . . . . . . . . . . . . 10, 11-12

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . 8

Didzbalis v. Sheridan Transp. Co., No. 00 Civ. 4329(JCF), 2002 WL 31619071(S.D.N.Y. Nov. 19, 2002) . . . . . . . . . . 11

Federal Deposit Ins. Corp. v. Giammettei, 34 F.3d 51 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . 11

Fujitsu Ltd. v. Fed. Exp. Corp., 247 F.3d 423 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . 8

Hall v. Briggs, 216 F.3d 1072 (2d Cir. June 8, 2000) . . . . . . . . . . . . 12

Helena Associates, LLC v. EFCO Corp., No. 06 Civ. 0861(PKL), 2008 WL 2117621, (S.D.N.Y. May 15, 2008) . . . . . . . . . . . . . . . . . . . 11

In re Barney Schogel, Inc., 12 B.R. 697 (Bankr. S.D.N.Y. 1981) . . . . . . . . . . . . 11, 13

S.E.C. v. Kern, 425 F.3d 143 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . 8

Sarl Louis Feraud Int'l v. Viewfinder, Inc., 489 F.3d 474 (2d Cir. 2007) . . . . . . . . . . . . . . . . 10-11

Scotto v. Almenas, 143 F.3d 105 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . 8

Stepak v. Aetna Life & Cas. Co., Civ. No. H:90CV00886(AVC), 1994 WL 858045, (D. Conn. Aug. 29, 1994) . . . . . . . . . . . . . . . . . . 13

Travelers Casualty & Surety Co. v. Ace Am. Reinsurance Co., 392 F. Supp. 2d 659 (S.D.N.Y. 2005) . . . . . . . . . . . 10

**Statutes and Other Authorities**

Fed R. Civ. P. 26(a)(2) . . . . . . . . . . . . . . . . . . 12, 14

Fed R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Civ. P. 56(e)(2) . . . . . . . . . . . . . . . . . . . 8

1 James J. White & Robert S. Summers, Uniform Commercial Code § 3-3 (5th ed. 1996) . . . . . . . 11

Daniel J. Kornstein (DK - 3264)
Amy C. Gross (AG - 8836)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MITSUBISHI INTERNATIONAL CORPORATION,

Plaintiff,

-against-

INTERSTATE CHEMICAL CORPORATION,

Defendant.

08 CV 00194(JSR)(GWG)

ECF Case

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

This Court has already found, on plaintiff's pre-discovery summary judgment motion, that a merchants' contract exists between the parties pursuant to section 2-201(2) of the Uniform Commercial Code. Only two issues remain to be determined in this action: (1) defendant's assertion that industry custom and usage permits parties to bulk chemical sales contracts to unilaterally cancel based on external events, and (2) whether plaintiff properly mitigated its damages.

Discovery has closed, and defendant has produced no evidence to support its industry custom and usage argument. The undisputed material facts therefore require, as a matter of law,

summary judgment in plaintiff's favor on the issue of defendant's liability for breach of contract. The only issue remaining for trial is damages, including the reasonableness of plaintiff's mitigation in the face of defendant's refusal to perform.

**Why Summary Judgment Is Proper**

Defendant Interstate Chemical Corporation ("Interstate") asserted an affirmative defense to plaintiff Mitsubishi International Corporation's ("MIC") claim for breach of contract based on force majeure. In MIC's pre-discovery summary judgment motion, MIC provided ample authority to refute the applicability of any force majeure clause to the contract between the parties. Interstate responded by arguing that it is the custom of the chemical sales industry to permit either party to a bulk chemical sales contract to cancel before delivery for reasons beyond their control.

In denying MIC's initial summary judgment motion, the Court found that industry custom was a fact issue, and the parties proceeded with discovery. Interstate offered no expert disclosure. Nor did Interstate offer any other evidence to support its industry custom and usage argument.

It is Interstate's burden to establish its affirmative defenses in general, and industry custom and usage in particular. In the absence of any shred of evidence to support its industry

custom argument, no material issue of fact prevents summary judgment in favor of MIC on its breach of contract claim.

Under these circumstances, the Court should grant MIC's motion for summary judgment as to Interstate's liability for breach of contract. This case can then proceed to trial on the limited issue of damages.

## STATEMENT OF FACTS

The facts relevant to this motion are undisputed.

The Parties

Federal jurisdiction is based on diversity of citizenship. MIC, a New York corporation, engages in the business of international trade of products -- including methanol -- and services across a range of industry sectors. Affidavit of Daniel J. Kornstein sworn to on August 13, 2008 ("Kornstein Aff."), Ex. A (Complaint) ¶ 3. (Unless otherwise specified, cites to "Ex." are to the exhibits annexed to the Kornstein Aff.) Interstate, a Pennsylvania-based corporation, both manufactures and distributes chemical products. Ex. B (Answer) ¶ 4. Interstate did not dispute jurisdiction when it opposed MIC's initial summary judgment motion. See generally Ex. G (Interstate's opposition brief to initial summary judgment motion).

The Agreement

On December 4, 2007, Zack Ferguson-Steger, marketing manager of MIC, spoke by telephone with Lori Cirillo, Director of Chemical Procurement at Interstate, regarding the possibility of MIC selling a barge of methanol to Interstate. Ex. D (Ferguson-Steger Aff.) ¶ 4; Ex. A (Complaint) ¶ 5; Ex. Ex. B (Answer) ¶ 5. In that telephone call, Cirillo and Ferguson-Steger orally agreed that MIC would sell one barge (420,000 gallons, or 10 mb) of methanol to Interstate at a price of $2.55 per gallon. Ex. D (Ferguson-Steger Aff.) ¶ 4; Ex. A to Ex. A (Complaint).

Later that same day, Cirillo emailed Ferguson-Steger, confirming, "We would like to purchase your Methanol barge. Please give me a call." Ex. D (Ferguson-Steger Aff.) ¶ 5; Ex. A (Complaint) ¶ 6 and Ex. A; Ex. B (Answer) ¶ 6. Less than an hour later, Ferguson-Steger responded to Cirillo via email, stating: "We confirm 10 mb @ $2.55/gal loading Dec. 20 or later. If we can ship earlier, we'll inform you. I'll send over a spot contract a little later." Ex. D (Ferguson-Steger Aff.) ¶ 6; Ex. A (Complaint) ¶ 7 and Ex. A; Ex. B (Answer) ¶ 7.

The next day, December 5, 2007, Ferguson-Steger sent an email to Cirillo, attaching a form contract and stating: "Please see the attached contract for the 10mb barge agreed to yesterday." Ex. D (Ferguson-Steger Aff.) ¶ 7; Ex. A (Complaint) ¶ 8 and Ex. B; Ex. B (Answer) ¶ 8. MIC did not receive an

objection from Interstate within the next ten days. Ex. D (Ferguson-Steger Aff.) ¶ 10.

This Court found, in its opinion denying MIC's initial summary judgment motion, that "a contract exists that governs the transaction." Ex. M (summary judgment opinion) at 9 n.2. MIC therefore will not here repeat the various factual bases and legal arguments supporting the existence of a contract; these can be found at length in MIC's moving papers in support of its pre-discovery summary judgment motion, submitted herewith. See Exs. C, D, E, F (original MIC Notice of Motion, Ferguson-Steger Aff., original MIC Rule 56.1(a) Statement, original MIC summary judgment brief).

MIC's Pre-Discovery Summary Judgment Motion

On March 26, 2008, with this Court's permission, MIC filed a pre-discovery motion for summary judgment. Interstate filed its opposition papers on April 15, 2008. MIC filed its reply papers on April 18, 2008. Oral argument took place on April 28, 2008.

In its moving papers, MIC argued, among other things, that a valid contract for the sale of methanol existed between MIC and Interstate, that Interstate breached that agreement, and that MIC reasonably mitigated its damages. Ex. F (original MIC summary judgment brief) at 9-14, 21-22. MIC argued, in response to Interstate's affirmative defense based upon force majeure, that

the contract contained no force majeure clause operable under New York law. Ex. F (original MIC summary judgment brief) at 20-21.

In response, Interstate argued not that the parties' agreement contained a force majeure clause, but that in the chemical sales industry, "'either the buyer or seller to a bulk chemical procurement transaction [may] cancel before delivery based on any cause beyond their reasonable control.'" Ex. M (summary judgment opinion) at 5-6, quoting Ex. G (Interstate's opposition brief to initial summary judgment motion) at 16. In support of this argument, Interstate offered several affidavits from industry participants, including two from Interstate personnel. Exs. H, I, J, K (Cirillo, Puntureri, Swinderman, and Jukiewicz Affs.).

By Order dated May 6, 2008, for the reasons set forth in a Memorandum dated May 18, 2008, this Court denied MIC's motion. This Court found, in relevant part, that:

> The affidavits submitted by Interstate do raise a number of questions for the Court. For example, as MIC noted at oral argument, one could not read into contracts the more extreme view espoused in certain portions of the affidavits - that contracts permissibly could be canceled for "no reason at all" - without doing violence to the basic principles of contract law. Moreover, the Court perceives a distinct possibility, raised by one affiant, that cancellations are tolerated not out of industry practice regarding the treatment of contracts, but rather to "maintain good customer relations," Swinderman Aff. ¶¶ 6-9. Finally, the Court

> is not clear whether Interstate is claiming that usage of trade excuses nonperformance even for reasons that, although beyond the non-performer's control, could have been known to that party at the time it agreed to the contract, as MIC suggests is the case here. Nonetheless, what amounts to "usage of trade" is an issue of fact, see N.Y. U.C.C. § 1-205(2), and while it may yet prove to be the case that the usage of trade applicable here, if any, is not as broad as Interstate contends, it may still be broad enough to preclude summary judgment.

Ex. M (summary judgment opinion) at 8.

No Expert Disclosure

Summary judgment having been denied, the parties proceeded to discovery, based on the Court's Case Management Plan of March 12, 2008. Under that schedule, expert disclosure was due on June 16, 2008, and the cutoff for fact discovery was set for July 14, 2008. Ex. N (Case Management Plan). By agreement of the parties, and with the Court's permission, the cutoff for fact discovery was later adjourned to July 28, 2008, and then further adjourned to August 12, 2008. Kornstein Aff. ¶ 18.

Defendant offered no expert discovery of any kind, either before or after the June 16, 2008 expert discovery cutoff. Id. ¶ 19. Although the parties communicated regarding depositions and other discovery issues, defendant never requested additional time to offer expert discovery, and never indicated to plaintiff's

counsel that any expert discovery would be forthcoming. Id. ¶ 20.

Discovery having closed on August 12, 2008, MIC now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

The criteria for summary judgment are familiar. Fed. R. Civ. P. 56(c) permits summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); S.E.C. v. Kern, 425 F.3d 143, 147 (2d Cir. 2005).

A properly supported motion for summary judgment cannot be defeated by "mere[] allegations or denials" of a pleading; rather, it must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-movant cannot rely on "conclusory allegations or unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Instead, it "must produce specific facts indicating that a genuine factual issue exists," and "there must be evidence on which the jury could reasonably find for the non-movant." Id. (internal quotation marks and citations omitted), cert. denied, 534 U.S. 891 (2001). See also Fujitsu Ltd. v. Fed. Exp. Corp., 247 F.3d 423, 428 (2d Cir. 2001).

Plaintiff's motion meets these criteria. Defendant cannot offer any evidence at trial upon which a jury could find in its favor on liability.

## ARGUMENT

## I

## THIS COURT HAS ALREADY FOUND A METHANOL SALES AGREEMENT EXISTS BETWEEN INTERSTATE AND MIC

This Court, in its Memorandum dated May 18, 2008, denying MIC's initial summary judgment motion, nevertheless found that a valid contract existed between the parties by which MIC would sell a barge of methanol to Interstate. Ex. M (summary judgment opinion) at 9 n.2. MIC will not here repeat the facts and law supporting the existence of this contract but, to the extent necessary, incorporates by reference the facts and arguments set forth in its moving papers on its first summary judgment motion. See Exs. D, E, F, O, P (Ferguson-Steger Aff., original MIC Rule 56.1 Statement, original MIC summary judgment brief, Ferguson-Steger Reply Aff., original MIC summary judgment reply brief). The Court having found that a contract exists, the only bars to liability are Interstate's affirmative defenses.

II

**INTERSTATE HAS OFFERED NO EVIDENCE TO SUPPORT ITS INDUSTRY CUSTOM AND USAGE ARGUMENT, INCLUDING VITAL EXPERT EVIDENCE**

Although Interstate offered several affirmative defenses in its Answer in response to MIC's claim of breach of contract, the only arguments it has made as to its liability that go beyond a bare conclusory pleading concerned allegedly disputed terms in the agreement and excusal of performance based on a purported industry custom permitting parties to bulk chemical sales contracts to cancel their agreements due to events beyond the parties' control. See Ex. G (Interstate's opposition brief to original summary judgment motion) at 9-18. This Court correctly disregarded Interstate's argument about disputed terms (see Ex. M (summary judgment opinion) at 4-5 n.1), leaving only the industry custom argument. Interstate had every opportunity to produce discovery in support of this alleged industry custom, but it has not done so.

"The burden of proving a trade usage has generally been placed on the party benefiting from its existence." British Int'l Ins. Co. Ltd. v. Seguros La Republica, S.A., 342 F.3d 78, 83 (2d Cir. 2003) (internal quotation marks and citation omitted); see also Travelers Casualty & Surety Co. v. Ace Am. Reinsurance Co., 392 F. Supp. 2d 659, 666 (S.D.N.Y. 2005) (same), judgment aff'd, 201 F. App'x 40 (2d Cir. 2006); cf. Sarl Louis Feraud Int'l v. Viewfinder, Inc., 489 F.3d 474, 484 n.7 (2d Cir.

2007) (defendant has burden to prove affirmative defense). "[T]here is 'no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim.'" Federal Deposit Ins. Corp. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994), quoting Celotex, 477 U.S. at 323. In other words, Interstate must offer evidence to establish its industry custom and usage defense. It is not up to MIC to demonstrate that the defense is invalid.

To prove a usage of trade, "a party must usually call upon an expert." 1 James J. White & Robert S. Summers, Uniform Commercial Code § 3-3 (5th ed. 1996); see also Helena Associates, LLC v. EFCO Corp., No. 06 Civ. 0861(PKL), 2008 WL 2117621, at *6 n.7 (S.D.N.Y. May 15, 2008) ("as a lay witness, [witness] may not testify regarding custom and practice in the construction industry"); Didzbalis v. Sheridan Transp. Co., No. 00 Civ. 4329(JCF), 2002 WL 31619071, at *1 (S.D.N.Y. Nov. 19, 2002) ("Generally, expert testimony is necessary for the introduction of custom and practice evidence."); In re Barney Schogel, Inc., 12 B.R. 697, 709 (Bankr. S.D.N.Y. 1981) (same). Interstate "must establish either that the party sought to be bound was aware of the custom, or that the custom's existence was so notorious that it should have been aware of it." British Int'l Ins. Co. Ltd., supra, 342 F.3d at 84 (internal quotation marks and citation

omitted). Further, Interstate must show that the "trade usage [is] so well settled, so uniformly acted upon, and so long continued as to raise a fair presumption that it was known to both contracting parties and that they contracted in reference thereto." Id. (internal quotation marks and citation omitted).

Interstate has not produced any evidence that even comes close to meeting this burden. Indeed, Interstate has not offered expert evidence of any stripe. Despite an explicit expert disclosure deadline of June 16, 2008, Interstate offered no expert reports or other expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2). Interstate is therefore barred from introducing expert testimony at trial. See Hall v. Briggs, 216 F.3d 1072, 2000 WL 766434, at *2 (2d Cir. June 8, 2000). Absent such testimony, Interstate will be unable to establish its industry custom and usage defense.

Interstate cannot point to the affidavits it submitted in opposition to MIC's first summary judgment motion as adequate evidence to establish the supposedly "well-settled" and "notorious" nature of cancellations of contracts based on external events necessary to demonstrate industry custom before a trier of fact. In the first instance, such affidavits, in the absence of proper expert disclosure, are not admissible evidence adequate to defeat MIC's instant summary judgment motion. Another trial court in this Circuit found as much when a

defendant, seeking to defeat a summary judgment motion, attempted to rely upon an alleged expert's affidavit where the expert was only designated after the scheduling order's deadline for such disclosures. Stepak v. Aetna Life & Cas. Co., Civ. No. H:90CV00886(AVC), 1994 WL 858045, at *16 (D. Conn. Aug. 29, 1994), judgment aff'd, 52 F.3d 311 (2d Cir. 1995). Here, Interstate has not even attempted to designate an expert. A fortiori, none of its affidavits can remedy its failure to produce expert disclosure in support of its industry custom argument.

Nor are the contents of the affidavits Interstate submitted in opposition to MIC's pre-discovery summary judgment motion even a credible indication of a possible material issue of fact. Of the four affidavits arguably discussing industry custom, two -- those of Lori Cirillo and Albert R. Puntureri -- come from Interstate personnel. Exs. H, I (Cirillo and Puntureri Affs.). Without the production of any expert witnesses to back up Interstate's "self-serving testimony, the testimony cannot be accorded any weight." In re Barney Schogel, Inc., supra, 12 B.R. at 709.

Of the two remaining affidavits, that of Edward Swinderman does not even assert any industry custom -- it only mentions that Mr. Swinderman has "witnessed cancellations of orders . . . on a regular basis," that "cancellations . . . are commonplace," and

that "it is no[t] uncommon practice to allow the cancellation without penalty to maintain good customer relations." Ex. J (Swinderman Aff.) ¶¶ 6-7, 9.

Defendant's problem is not cured by the affidavit from Rich Jukiewicz, Senior Purchasing Agent for Research Organics, Inc. Ex. K (Jukiewicz Aff.) ¶¶ 4-5. Those two paragraphs in that two-page affidavit do not approach the level of expert disclosures required by Fed. R. Civ. P. 26(a)(2), which include a definitive identification of any experts to be used at trial, as well as a formal prepared report. Mr. Jukiewicz's affidavit therefore cannot raise a material issue of fact as to an industry custom and usage argument. Interstate could not, at this late stage, designate Mr. Jukiewicz -- or anyone else -- as an expert to demonstrate industry custom and usage at trial.

Interstate raised one defense to contract liability in opposition to MIC's initial summary judgment motion that this Court was willing to entertain. In the intervening months, Interstate has offered no expert disclosure or other evidence that would enable it to establish this defense at trial. MIC is therefore entitled to summary judgment as to Interstate's liability on MIC's breach of contract claim.

**CONCLUSION**

There is no question that the parties had a contract for the sale of methanol, and that Interstate refused to perform it. Interstate's only remaining excuse for its failure to perform, offered in response to MIC's initial summary judgment motion, was that industry custom allows merchants to cancel contracts for virtually any reason, and at the very least, for any circumstances beyond their control. However, Interstate has produced no evidence that would allow it to meet its burden to establish this affirmative defense. Expert testimony is required to establish industry custom and usage, and Interstate has offered no expert disclosure, even in the face of a June 16, 2008 deadline for doing so.

As Interstate has offered no evidence to support its only proffered excuse for its failure to perform, and as it is now barred from offering any expert testimony at trial, there exists no material issue of fact as to Interstate's liability for breach of contract.

For the reasons given, plaintiff's motion for summary judgment as to liability should be granted.

Dated: New York, New York
August 14, 2008

Respectfully submitted,

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

By: Daniel J. Kornstein (DK - 3264)
Amy C. Gross (AG - 8836)

757 Third Avenue
New York, New York 10017
(212) 418-8600

Attorneys for Plaintiff