Daniel J. Kornstein (DK - 3264)
Amy C. Gross (AG - 8836)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MITSUBISHI INTERNATIONAL            :
CORPORATION,                             08 CV 00194(JSR)(GWG)
                                    :
        Plaintiff,
                                    :        ECF Case
        -against-
                                    :
INTERSTATE CHEMICAL CORPORATION,
                                    :
        Defendant.
------------------------------------X


**PLAINTIFF'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF SUMMARY JUDGMENT**


KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

Attorneys for Plaintiff

**TABLE OF CONTENTS**

Page(s)

1. FORM CONTRACT DOES NOT HELP INTERSTATE . . . . . . . . . . . 2

2. MIC'S TESTIMONY DOES NOT HELP INTERSTATE . . . . . . . . . . 3

3. INTERSTATE'S AFFIDAVITS DO NOT HELP INTERSTATE . . . . . . 4

4. INTERSTATE'S EXPERTS PRECLUDED . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**Cases**

Antilles Steamship Co., Ltd. v. Members of the Am. Hull Ins.
    Syndicate, 733 F.2d 195(2d Cir. 1984) . . . . . . . . . . 8

Arbittier v. Russo, No. 84 Civ. 6352 (JFK), 1985 WL 569
    (S.D.N.Y. Apr. 19, 1985) . . . . . . . . . . . . . . . . 7

Atronic Int'l, GMBH v. SAI Semispecialists of America, Inc., No.
    03-CV-4892 (JFB)(ML), 2007 WL 2493482(E.D.N.Y. Aug. 29,
    2007) . . . . . . . . . . . . . . . . . . . . . . . . . 7

Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171 (2d Cir.
    2004) . . . . . . . . . . . . . . . . . . . . . . . . . 8

Batsys v. Rothschild, 154 Fed. Appx. 260(2d Cir. 2005) . . . . 9

Bazak Int'l Corp. v. Tarrant Apparel Group,
    378 F. Supp. 2d 377(S.D.N.Y. 2005) . . . . . . . . . . . 7

Cable-Wiedemer, Inc. v. Friederich and Sons Co., 71 Misc.2d 443,
    336 N.Y.S.2d 139(Co. Ct. Monroe Co. 1972) . . . . . . . 6

Design Strategy v. Davis, 469 F.3d 284(2d Cir. 2006) . . . . . 9

Didzbalis v. Sheridan Transp. Co., No. 00 Civ. 4329(JCF),
    2002 WL 31619071(S.D.N.Y. Nov. 19, 2002) . . . . . . . . 6

Giles v. Rhodes, No. 94 Civ. 6385(CSH), 2000 WL 1425046
    (S.D.N.Y. Sept. 27, 2000) . . . . . . . . . . . . . . 8,9

Helena Associates LLC v. EFCO Corp., No. 06 Civ. 0861(PKL),
    2008 WL 2117621(S.D.N.Y. May 15, 2008) . . . . . . . . . 6

In re Barney Schogel, Inc., 12 B.R. 697(Bankr. S.D.N.Y. 1981) . 5

Lawrence v. Cohn, 197 F. Supp. 2d 16 (S.D.N.Y. 2002) . . . . . 8

Lore v. City of Syracuse, No. 5:00-CV-1833, 2005 WL 3095506
    (N.D.N.Y. Nov. 17, 2005) . . . . . . . . . . . . . . . . 9

Outley v. City of N.Y., 837 F.2d 587(2d Cir. 1988) . . . . . . 9

Pollack v. Safway Steel Prods., Inc., No. 03 Civ. 4067(WCC),
    2007 WL 998979(S.D.N.Y. Mar. 30, 2007) . . . . . . . . . . 9

**Statutes and Other Authorities**

Fed. R. Civ. P. 26(a)(2)(A). . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 26(a)(2)(C). . . . . . . . . . . . . . . . . . 7

Fed. R. Evid. 702 . . . . . . . . . . . . . . . . . . . . . . 7

James J. White & Robert S. Summers,
    Uniform Commercial Code § 3-3 (5th ed. 1996). . . . . . . 6

Daniel J. Kornstein (DK - 3264)
Amy C. Gross (AG - 8836)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MITSUBISHI INTERNATIONAL            :
CORPORATION,                            08 CV 00194(JSR)(GWG)
                                    :
         Plaintiff,
                                    :   ECF Case
         -against-
                                    :
INTERSTATE CHEMICAL CORPORATION,
                                    :
         Defendant.
------------------------------------X

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF SUMMARY JUDGMENT

Defendant Interstate Chemical Corporation ("Interstate") failed to produce evidence on its only remaining defense to liability for breach of contract. Interstate now wrongly argues that a few brief, conclusory statements repeated in the affidavits of four individuals, none of whom were designated as experts, raise a dispute issue of material fact to support its custom and usage defense.

This Court initially denied plaintiff Mitsubishi International Corporation ("MIC") summary judgment on its breach of contract claim because it found a disputed question of fact as to whether custom and usage permitted Interstate to cancel the

contract based on events beyond its control. Custom and usage is here properly the subject of expert testimony. This Court's Pretrial Order required expert disclosures to be made by June 16, 2008. Interstate made no expert disclosures. Interstate therefore cannot raise any disputed issue of material fact to support its industry custom and usage defense, and summary judgment for MIC as to Interstate's liability is appropriate.

### 1. FORM CONTRACT DOES NOT HELP INTERSTATE

The unsigned form contract Interstate quotes, then deliberately misreads, states that <u>force majeure</u> shall not excuse Interstate's nonpayment. The clause reads, in relevant part:

> FORCE MAJEURE: <u>Seller</u> shall not be liable for any delay of for failure to perform its obligations hereunder for any cause beyond its reasonable control, which affects Seller or any other person (whether known or unknown to Buyer) involved in the sale, manufacturing, supply, shipment or delivery of the Goods. . . . <u>Force majeure shall not excuse any nonpayment by Buyer.</u> . . .

Def. Ex. D[1] (form contract) at MIC 000008 (emphasis added). Ignoring the plain language, Interstate argues that this provision, which provides for the opposite of the result it seeks, somehow supports its position.

---

[1] Cites to "Def. Ex." are to exhibits attached to Defendant's Local Rule 56.1(b) Statement, dated Aug. 26, 2008. Cites to "Pl. Ex." are to exhibits attached to the Affidavit of Daniel J. Kornstein, sworn to on Aug. 13, 2008.

2

Interstate's argument stumbles at the start. Interstate would rewrite a boilerplate term from a contract seldom executed (and not executed in this case) into evidence of an industry custom, so long as this Court replaces the term "Seller" with "all parties" and ignores the sentence expressly preventing the buyer from canceling due to <u>force majeure</u>. To state this argument is to refute it. If anything, the clause undermines Interstate's defense.

## 2. MIC'S TESTIMONY DOES NOT HELP INTERSTATE

Interstate also mischaracterizes the testimony of Thomas Reszler, MIC's Rule 30(b)(6) deponent. Here, Interstate tries to transform Mr. Reszler's testimony about MIC's flexibility with buyers and sellers who need short delays in performance into evidence of an industry custom permitting a buyer to cancel before delivery for "any cause beyond its reasonable control." In fact, Mr. Reszler stated that MIC was willing to delay the shipment to Interstate, "<u>as long as they would fulfill their obligations</u>." Def. Ex. F. (Reszler Tr.) at 46:7-10 (emphasis added). This statement is consistent with an email Mr. Reszler sent to Mr. Ferguson-Steger on December 18, 2007, as cited in defendant's brief: "We can delay the shipment of course, <u>but no way to cancel</u>." Def. Ex. D (email) at MIC 000054 (emphasis added).

3

The rest of Mr. Reszler's testimony quoted by Interstate discusses delays, not cancellations. A delay is not a cancellation, and Interstate offers no support for conflating the two. <u>A fortiori</u>, an expressed willingness to "be able to be a bit flexible" with performance dates on MIC's part does not translate into evidence supporting an industry custom permitting Interstate to cancel a contract based on problems with a third party.[2]

### 3. INTERSTATE'S AFFIDAVITS DO NOT HELP INTERSTATE

Interstate's affidavits are an attempt to cobble together a custom and usage argument out of materials that are wispy at best. They offer little more than bare-bones conclusions.

To the extent they purport to address industry custom and practice, the April 11, 2008 affidavits of Interstate's president Al Puntureri and employee Lori Cirillo, in addition to being self-serving, are conclusory and unsupported. Ms. Cirillo simply states that "it is industry custom to relieve both a buyer and seller of their obligations under a spot purchase of bulk chemicals for any cause beyond their reasonable control," without any further support. Pl. Ex. H, ¶ 12. Mr. Puntureri's

---

[2] In any event, Mr. Reszler's deposition testimony with respect to alleged industry custom and practice should not be considered. He was not noticed to provide such testimony, and plaintiff's counsel objected to questions on this subject at the deposition. <u>See</u> Def. Ex E (Notice of Deposition) at Schedule A; Def. Ex. F (Reszler Tr.) at 28:13-22, 30:17-31:2.

4

statements are similarly conclusory. Pl. Ex. I, ¶¶ 6-7. Neither of these affidavits can be the basis for a custom and usage argument. See In re Barney Schogel, Inc., 12 B.R. 697, 709 (Bankr. S.D.N.Y. 1981). Nor did Interstate specify, in its initial disclosures or at any other time, that Ms. Cirillo or Mr. Puntureri would be offering expert testimony -- or, indeed, any testimony at all -- on this subject. See Affidavit of Amy C. Gross ("Gross Aff."), sworn to on Sept. 2, 2008, Ex. Q (Interstate's initial disclosures).

The Affidavit of Rich Jukiewicz, sworn to on April 10, 2008, likewise states that "it is industry practice for purchase orders to be cancelled as a result of force majeure," but does not expand. Pl. Ex. K, ¶ 5. Edward Swinderman's Affidavit, dated April 14, 2008, does not even cite industry custom and usage, instead stating that it is "no uncommon practice to allow the cancellation without penalty to maintain good customer relations." Pl. Ex. J, ¶ 9 (emphasis added).

Mr. Jukiewicz and Mr. Swinderman are also improper expert witnesses. They are not listed in Interstate's initial disclosures. Gross Aff., Ex. Q (Interstate's initial disclosures). Nor did Interstate ever disclose its intent to call them as witnesses, until now.

Interstate appears to acknowledge this deficiency by submitting additional declarations from Mr. Jukiewicz and Mr.

5

Swinderman in opposition to this motion seeking to assert facts that might show them to be experts, see Def. Ex B (declarations), but it is too late to make such disclosure now, after the deadline for expert discovery has passed and MIC no longer has an opportunity to secure its own experts to refute their statements. Regardless, the additional submissions are similarly devoid of underlying facts to support the supposed expert testimony offered by Mr. Swinderman and Mr. Jukiewicz.

Interstate's cases also do not refute the general tenet that, as a rule, "a party must usually call upon an expert" to establish custom and usage. 1 James J. White & Robert S. Summers, Uniform Commercial Code § 3-3 (5th ed. 1996); see also Helena Associates LLC v. EFCO Corp., No. 06 Civ. 0861(PKL), 2008 WL 2117621, at *6 n.7 (S.D.N.Y. May 15, 2008); Didzbalis v. Sheridan Transp. Co., No. 00 Civ. 4329(JCF), 2002 WL 31619071, at *1 (S.D.N.Y. Nov. 19, 2002).

A "single sentence" in an answering affidavit, without further support, claiming custom and usage, cannot overcome a summary judgment motion. See Cable-Wiedemer, Inc. v. Friederich and Sons Co., 71 Misc.2d 443, 445, 336 N.Y.S.2d 139, 142 (Co. Ct. Monroe Co. 1972). Rather, the cases cited by Interstate in which custom and usage evidence defeated summary judgment involved

6

analytical evidence that apparently went beyond a conclusory sentence or two in an affidavit.[3]

Whether or not evidence other than expert testimony could support its custom and usage defense, Interstate has not produced such material. As it apparently intended to rely solely upon the specialized knowledge of industry participants to prove its defense, Interstate had a duty to disclose and identify these people as experts in a timely fashion, and it did not do so. See Fed. R. Evid. 702.

### 4. INTERSTATE'S EXPERTS PRECLUDED

Interstate had an obligation to designate its affiants as experts in a timely fashion. Fed. R. Civ. P. 26(a)(2)(A) states, in relevant part: "A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702. . . ." Fed. R. Civ. P. 26(a)(2)(A). The Rule is also clear about when such expert disclosure is to be made: "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C).

---

[3] See Atronic Int'l, GMBH v. SAI Semispecialists of America, Inc., No. 03-CV-4892 (JFB)(ML), 2007 WL 2493482, at *8 (E.D.N.Y. Aug. 29, 2007) (looking to timing and volume of shipments); see also Bazak Int'l Corp. v. Tarrant Apparel Group, 378 F. Supp. 2d 377, 390 (S.D.N.Y. 2005) (citing eight paragraphs over two affidavits); Arbittier v. Russo, No. 84 Civ. 6352 (JFK), 1985 WL 569, *1 (S.D.N.Y. Apr. 19, 1985) (citing four paragraphs in one affidavit for validity of price term on invoice).

7

Federal Rule of Evidence 702 covers testimony regarding "scientific, technical, or other specialized knowledge [that will] assist the trier of fact to understand the evidence or to determine a fact in issue." Interstate's custom and usage testimony falls under this rubric. See, e.g., Antilles Steamship Co., Ltd. v. Members of the Am. Hull Ins. Syndicate, 733 F.2d 195, 200-01 (2d Cir. 1984); Lawrence v. Cohn, 197 F. Supp. 2d 16, 26-27 (S.D.N.Y. 2002); Giles v. Rhodes, No. 94 Civ. 6385(CSH), 2000 WL 1425046, at *7 (S.D.N.Y. Sept. 27, 2000).

Interstate does not and cannot dispute that the deadline for expert disclosures passed on June 16, 2008. Nor does it dispute that Rule 26(a)(2)(A) applies to all expert witnesses. Nowhere, until it submitted its opposition to this motion, did Interstate disclose its intent to offer any of the affiants as expert witnesses. Interstate therefore cannot rely on their expert testimony to support its custom and usage argument.

Interstate quotes at length from Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171 (2d Cir. 2004), but ignores how that case undercuts Interstate's own argument. Although the Second Circuit declined in that case to require an expert report from the witness, it strongly criticized admission of the witness' testimony because, even if the testimony had been admissible under Rule 702, plaintiff failed to disclose the expert pursuant to Fed. R. Civ. P. 26(a)(2)(A). 359 F.3d at 182. Interstate

8

similarly failed to comply with Rule 26(a)(2) when it did not disclose the affiants as experts by the Court's deadline, quite apart from whether expert reports were required or not. See Giles, supra, 2000 WL 1425046, at *7.

Interstate's claim of "substantial justification" for not disclosing its experts until now robs that phrase of all meaning. Interstate's so-called reason for its failure is that MIC only pointed out in its moving papers that Interstate had disclosed no expert support for its position. Interstate's belated attempt to provide (impermissibly sparse) expert disclosure with its Rule 56.1 statement highlights this fact. This is not any sort of justification, much less one that warrants forgiveness. See Batsys v. Rothschild, 154 Fed. Appx. 260, 263 (2d Cir. 2005); see also Design Strategy v. Davis, 469 F.3d 284, 298 (2d Cir. 2006).

Interstate's remaining cases are inapposite. See Outley v. City of N.Y., 837 F.2d 587, 589 (2d Cir. 1988) (excusing violation of Fed. R. Civ. P. 26(e)(1) as due to "good faith oversight of an inexperienced practitioner" and because City not unduly harmed); Pollack v. Safway Steel Prods., Inc., No. 03 Civ. 4067(WCC), 2007 WL 998979, at *3 (S.D.N.Y. Mar. 30, 2007) (accepting detailed affidavit in lieu of official expert report); Lore v. City of Syracuse, No. 5:00-CV-1833, 2005 WL 3095506, at *4 (N.D.N.Y. Nov. 17, 2005) (admitting supplemental report after initial expert disclosures already made).

9

Interstate's contention that MIC has not claimed harm or prejudice by Interstate's non-disclosure is hollow. MIC would obviously be prejudiced if Interstate were now allowed to present any of the affiants as expert witnesses.

## CONCLUSION

For the reasons given here and in our moving papers, plaintiff's motion for summary judgment as to liability should be granted.

Dated:   New York, N.Y.
         September 2, 2008

                              Respectfully submitted,

                              KORNSTEIN VEISZ WEXLER & POLLARD, LLP

                              _____
                              By:  Daniel J. Kornstein (DK - 3264)
                                   Amy C. Gross (AG - 8836)

757 Third Avenue
New York, New York 10017
(212) 418-8600

Attorneys for Plaintiff

10